IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Carlos Valdivia Nuno a/k/a Carlos Nuno
Valdivia,
      Plaintiff,

vs.

Warden Mary Mitchell, FCI Edgefield;
Assistant Warden Oscar Acosta, FCI
Edgefield,
      Defendants.

C.A. No.: 8:09-cv-02765-RBH

**ORDER**

      Plaintiff, a federal prisoner proceeding *pro se*, brought this suit pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Bruce H. Hendricks, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.

      The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to

---

[1] The Court notes that the Magistrate Judge's Report indicates that this action is pursuant to 42 U.S.C. § 1983. However, the docket clearly reflects that Plaintiff is a federal prisoner, currently incarcerated at FCI-Edgefield. The Magistrate Judge's indication that this case is pursuant to § 1983 appears to be a simple clerical error. Regardless, a *Bivens* claim is analogous to a claim under § 1983, and case law involving § 1983 claims is applicable to *Bivens* actions and vice versa. *See Farmer v. Brennan*, 511 U.S. 825, 839-41 (1994). Therefore, the Magistrate Judge's analysis remains accurate and correct, and the Court will adopt the Report and Recommendation of the Magistrate Judge, as modified to reflect that this is an action under *Bivens*.

1

which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

Neither party has filed objections to the Report and Recommendation.  In the absence of objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310 (4th Cir. 2005) stating that "in the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the record in this case, the Court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as modified and incorporated by reference.  Therefore, it is

**ORDERED** that this action is dismissed with prejudice for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982).

**IT IS SO ORDERED.**

                                                s/R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

Florence, South Carolina
June 24, 2010